LAW OFFICE OF
# RICHARD M. ROGERS

TEL: (415)981-9788
FAX: (415)981-9798

100 BUSH STREET, #1980
SAN FRANCISCO, CA 94104

ROGERSRMR@YAHOO.COM
WWW.ROGERSEMPLOYMENTLAW.COM

April 30, 2012

The Hon. Yvonne Gonzalez Rogers                    **Via E-file**
Northern District of California
1301 Clay Street
Oakland, CA 94612

Re:   *Reyes v. SFSU;* Case No. C11-04628 YGR

Dear Judge Rogers:

This is the parties' joint letter re a dispute concerning discovery propounded by Plaintiff. (Responses attached) The parties certify that they have met and conferred in person and in writing on the issues raised. We met in person at the office of defense counsel on April 10, 2012.

## PLAINTIFF'S POSITION

### I. INTRODUCTION

This is an employment discrimination case. Plaintiff alleges discrimination and retaliation causes of action; Defendant denies the allegations. In order to prove discrimination and/or retaliation, Plaintiff has to prove disparate treatment and she has to prove intent. Defendant is refusing to provide discovery that would prove intent.

### II. THE DISCOVERY AT ISSUE

#### A. Interrogatory No. 4 (Set Two)

The Interrogatory is not overbroad. At the meeting between counsel, defense counsel stated that he was not objecting to subparts because Plaintiff had not reached her limit, and defense counsel neither discussed nor made any showing of burden.

Plaintiff believes, based on what she has been told, that the Peer Assistance and Review Program (PAR) is used to get rid of undesired teachers, particularly older teachers. Plaintiff's age discrimination and retaliation claims would be supported by evidence that her belief is well-founded. The Response may support Plaintiff's other claims, but the expectation is retaliation and age.

To place it in context, Plaintiff has been an excellent teacher and her students have performed well on mandated testing. Plaintiff received excellent performance evaluations before she complained of discrimination. Referring her to the PAR Program makes no sense.

Defendant claims that the Union referred Plaintiff to the PAR Program. The documents produced show that Mr. Zapien (the Principal who retaliated against Plaintiff) was instrumental.

The Interrogatory is specifically designed to obtain evidence that the Plaintiff's referral to the PAR

The Hon. Yvonne Gonzalez Rogers
Reyes v. SFUSD
April 30, 2012
Page 2

Program was designed to force her to resign or be terminated.

### B. Request for Production of Documents No. 20 (Set Four)

Counsel opposite did not ask for clarification at the meeting and declined to make a showing of burden. The undersigned's attempt to discuss narrowing the Request, e.g., to exclude canceled checks and bank records, was summarily rebuffed. Counsel opposite stated that his position was based on the fact that Plaintiff did not specifically list disparate treatment in terms of access to funding in her Complaint.

The Complaint herein incorporates Plaintiff's EEOC Complaint (Exhibit A) which lists several items involving expenditures, e.g., caved in ceiling panels, refusal to supply running water. The EEOC complaint specifically states that the list is not complete. Furthermore, a showing of disparate treatment in terms of access to funding would support a retaliatory or discriminatory motive. Denial of access to funding is "like or reasonably related" to the allegations in the Complaint. *EEOC v. Farmer Bros. Co.* (9th Cir. 1994) 31 F.3d 891, 899.
Plaintiff believes that other teachers had access to grant funds for extra pay for activities when she had no such access. Plaintiff believes other teachers had access to grant funds for supplies and activities when Plaintiff had no such access. Plaintiff's students received less supportive services in reading and special education than other teachers.

### C. Request for Production No. 21 (Set Four)

Requests Nos. 20-22 were discussed together. The general remarks under No. 20 apply to Nos. 21 and 22.

Plaintiff believes that she was treated differently than other teachers in terms of attendance records, class size, and assignments. For example, other teachers were not required to arrange for substitutes. Plaintiff was required to absorb extra students. Plaintiff was given a disproportionate amount of special education students. The pattern of disparate treatment and continuous harassment corroborates the intent to retaliate.

### D. Request for Production No. 22 (Set Four)

Plaintiff was not allowed to participate in leadership meetings. Plaintiff did participate in many of the staff meetings. The leadership meeting minutes and notes may contain information concerning Plaintiff, e.g., why she was referred to the PAR Program, complaints about her work or about the way she was being treated.

The minutes and notes of staff meetings will corroborate that Plaintiff was concerned that her students were not getting an equitable share of available funding.

### III. CONCLUSION

For the reasons stated, Plantiff's motion should be granted.

The Hon. Yvonne Gonzalez Rogers
Reyes v. SFUSD
April 30, 2012
Page 3

## DEFENDANT'S POSITION

First, Defendant requests that the court impose limitations on Mr. Rogers' bad faith discovery tactics, namely, his continued unprofessional, confusing, and harassing method and manner of communicating with Defendant's counsel. Mr. Rogers routinely sends up to six rapid fire emails in one day. Such missives are sent as often as six times per day, and are largely incoherent, set arbitrary and unreasonable deadlines, and threaten sanctions motions. Defendant's counsel has repeatedly requested that Mr. Rogers stop the email onslaught, and instead 1) formalize any true issues of dispute in a coherent and procedurally proper manner, and 2) serve and respond to discovery properly under the FRCP. Mr. Rogers has refused Defendant's reasonable and necessary requests outright, and thus Defendant requests the court's intervention to set a fair and reasonable communication process by which discovery shall proceed. Defendant requests a hearing regarding a discovery order governing future communications and requests.

Moreover, Mr. Rogers routinely misrepresents Defendant's position on discovery. Defendant has requested reasonable restrictions to Plaintiff's discovery, all of which have been refused. Defendant is a public entity facing serious budgetary and financial issues. Regardless, Defendant of course will provide all information reasonably calculated to lead to the discovery of admissible evidence related to the instant matter, but many of Plaintiff's requests far and unreasonably exceed the scope of the allegations contained the Complaint, and otherwise are overly and unreasonably burdensome for Defendant to be required to respond.

**Interrogatory No. 4:** Counting the sub-parts, Interrogatory No. 4 is four discrete interrogatories, which must be considered as four interrogatories towards Plaintiff's interrogatory limit. Defendant did not represent at any time that it would waive objections to the sub-parts.

In this case, Plaintiff was referred to the PAR program by her union. Once she got to the PAR program, Plaintiff negotiated with her union (the District has no knowledge of the substance of these negotiations) and an agreement apparently was reached that Plaintiff would participate in the voluntary PAR program. The voluntary PAR program is non-evaluative and cannot result in any discipline or termination of the participant. These set of circumstances are wholly unique to Plaintiff. The agreement between the District and the teacher's union requires that all PAR program participation be kept confidential. Plaintiff does not distinguish between voluntary PAR and mandatory PAR in the information she requests in this interrogatory. There is no relation between termination after PAR participation and Plaintiff's participation in voluntary PAR. Plaintiff in the instant case was never fired, disciplined, or subjected to any adverse action during or after she was a participant in the program. Additionally, Plaintiff does not state a disparate impact claim in her Complaint. Information relating to teachers who participated in mandatory PAR is wholly irrelevant. This interrogatory and its subparts is clearly overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 20:** Once again, Plaintiff's counsel misrepresents the meet and confer process. The Request is for all financial and budgetary documents for Hillcrest Elementary for a five year period. At the meet and confer conference, Defendant's counsel requested that Plaintiff's counsel identify specific instances or resources that Plaintiff believes she was denied as none are alleged in the Complaint, so that Defendant could narrow its search over abundant financial records for a five year period. Contrary to his assertion in this letter, Plaintiff's

counsel refused to narrow the request in any way. It is unduly burdensome for Defendant to produce records of every pencil and sheet of paper purchased by Hillcrest Elementary over a five year period. Defendant anticipates that there are thousands of documents in multiple locations that could be responsive to this request. The Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 21:** Plaintiff does not allege that she was discriminated or retaliated against in any way related to class lists, rosters, attendance, or classroom assignments. At the meet and confer conference, Defendant's counsel requested that Plaintiff's counsel identify more specific allegations or time periods. Plaintiff's counsel refused to narrow the request in any way. Defendant anticipates that there are thousands of documents in multiple locations that would be responsive to this request. This Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 22:** This Request is for "all minutes and notes re staff and leadership meetings" for a five year period. This Request is vague and overbroad as it does not define what staff and leadership meetings Plaintiff is referring to, and it does not restrict the meetings to Hillcrest Elementary, where Plaintiff was employed during the relevant period. Moreover, there is no allegation in the Complaint of discrimination or retaliation at any staff or leadership meeting. For the first time in this letter, Plaintiff's counsel raises the contention that Plaintiff raised concerns at meetings that she was not receiving proper funding. It was previously requested that Plaintiff's counsel narrow the scope and timeframe of this request to topics and time periods relating to specific allegations, but Plaintiff's counsel refused. This Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

For the foregoing reasons, Defendant respectfully requests that the Court impose a fair and reasonable discovery process by which Plaintiff's counsel's bad faith communication tactics are controlled, and require that an orderly and procedurally proper discovery process is followed. Defendant requests a hearing regarding a discovery order governing future communications and requests. Additionally, Defendant respectfully requests that Plaintiff's unsupported, overbroad, and burdensome discovery requests in this letter are denied. Given the nature and scope of Plaintiff's allegations, her rights to fairly drawn discovery are in no way compromised by a denial of her unreasonable requests here. Conversely, the school district would be unduly prejudiced by having to expend significant resources to respond to Plaintiff's unwarranted and unfair fishing expedition.

Very truly yours,

| LAW OFFICE OF | JACKSON LEWIS |
| RICHARD M. ROGERS | |
| | |
| Richard M. Rogers | Travis Raymond |

REYESJUDGE-YGR.L1

4839-2184-9615, v. 1

Kathleen Maylin (SBN 155371)
Travis Raymond (SBN 268543)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendant
SAN FRANCISCO UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET REYES, | Case No. CV 11-04628 YGR |
| Plaintiff, | **SAN FRANCISCO UNIFIED SCHOOL DISTRICT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO** |
| v. | |
| SAN FRANCISCO UNIFIED SCHOOL DISTRICT, | |
| Defendant. | Complaint Filed: September 19, 2011 |
| SAN FRANCISCO UNIFIED SCHOOL DISTRICT, | |
| Counterclaimant, | |
| v. | |
| MARGARET REYES, RICHARD M. ROGERS, THE LAW OFFICE OF RICHARD M. ROGERS, and DOES 1-10, inclusive, | |
| Counterdefendants. | |

PROPOUNDING PARTY:    Plaintiff MARGARET REYES

RESPONDING PARTY:     Defendant SAN FRANCISCO UNIFIED SCHOOL DISTRICT

SET No.:              TWO

1

Pursuant to F.R.C.P. 33 Defendant SAN FRANCISCO UNIFIED SCHOOL DISTRICT ("Defendant") hereby responds to Plaintiff MARGARET REYES ("Plaintiff") Request for Production of Documents, Set No. Two as follows.

## RESPONSE TO INTERROGATORIES

**INTERROGATORY No. 4:**

With respect to the Peer Assistance and Review Program, please set forth for the period January 1, 2007, through December 31, 2011;

    a. The number of employees per year who have been required to participate in the program;

    b. The age of each employee required to participate in the program;

    c. The number of employees who have retired, resigned, or been otherwise terminated after being required to participate in the program (including in "termination" permanent disability status);

    d. The total number of employees who have been required to participate in the program.

Definition: "Required to participate" means employees referred to the program or otherwise mandated to participate. Please do not include administrators of the program, counselors, coaches, and clerical employees involved in scheduling, filing, etc.

**RESPONSE TO INTERROGATORY No. 4:**

Defendant objects to this interrogatory as overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome. The information requested by this interrogatory is unrelated to the issues and allegations framed by Plaintiff's complaint. The complaint alleges that Plaintiff was referred to the PAR program as retaliation. Comparative information of other teachers is irrelevant to claims for retaliation.

**INTERROGATORY No. 5:**

Please set forth a comprehensive list of employees who have had access to Plaintiff's personnel file(s) since November 7, 2006, by name and title (position).

\\\

SAN FRANCISCO UNIFIED SCHOOL DISTRICT'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES, SET TWO      Case No. CV 11-04628 YGR

**RESPONSE TO INTERROGATORY No. 5:**

Defendant objects to this interrogatory on the ground that the terms "had access to" are vague and ambiguous and subject to multiple interpretations. Additionally, Defendant objects to this interrogatory on the ground that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Defendant objects to this interrogatory as unduly burdensome. Defendant is a large educational entity with a large human resources department and other departments related to the management of Defendant's employees and there are many employees with no knowledge that is in anyway relevant to this lawsuit and yet may be responsive to this interrogatory. Notwithstanding and without waiving the foregoing objections, Defendant responds as follows: Employees with the following positions have access to personnel files: Human Resources Administrator, HR File Clerk, Personnel Clerk, Assistant Superintendant, Principal, Assistant Principal, members of the Legal Department, and members of the Risk Management Department.

Date: March 2, 20121                    JACKSON LEWIS LLP

                                        By: _____
                                            Kathleen Maylin
                                            Travis Raymond
                                            Attorneys for Defendant
                                            SAN FRANCISCO UNIFIED SCHOOL
                                            DISTRICT

## **VERIFICATION**

I, David George, declare:

I am the Risk Manager for the San Francisco Unified School District, Defendant in the action Margaret Reyes v. San Francisco Unified School District, United States District Court Northern District of California Case No. CV 11-04628 YGR. I am authorized to make this Verification for and on Defendant's behalf, and I make this Verification for that reason.

I have read the foregoing **SAN FRANCISCO UNIFIED SCHOOL DISTRICT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO,** and know the contents thereof. Based on my personal knowledge or information and belief, the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed this 12th day of March 2012, at San Francisco, California.

_____
David George

# CERTIFICATE OF SERVICE

Case Name:   Margaret Reyes v San Francisco Unified School District
Case No.:    USDC-ND CV-11-04628 NC
Matter No.:  187368

I, Marilou R. Barairo, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On March 2, 2012, I served the attached **SAN FRANCISCO UNIFIED SCHOOL DISTRICT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO,** in this action by placing the original thereof, enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Richard M. Rogers<br>Law Office of Richard M. Rogers<br>100 Bush Street, Suite 1980<br>San Francisco, CA 94104<br>Tel:  (415) 981-9788<br>Fax:  (415) 981-9798<br>RogerRMR@yahoo.com | *Attorneys for Plaintiff and Counterdefendants Margaret Reyes, Richard M. Rogers, and the Law Offices of Richard M. Rogers* |

[X]   **BY MAIL**: United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.
[( ) *Courtesy copy by fax.*]

[ ]   BY HAND DELIVERY: I caused such envelope(s) to be delivered by hand to the above address.

[ ]   BY OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

[ ]   BY FACSIMILE: I caused such document to be transmitted by facsimile from our fax number (415) 394-9401 to the fax number indicated above (by written agreement, confirming letter dated and signed MM/DD/YY).

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 2, 2012, at San Francisco, California.

*Marilou R. Barairo*
Marilou R. Barairo

4838-5207-7582, v. 1

PROOF OF SERVICE                                    Case No. CV 11-04628 YGR

Kathleen Maylin (SBN 155371)
Travis Raymond (SBN 268543)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401

Attorneys for Defendant
SAN FRANCISCO UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET REYES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT,<br><br>　　　　　Defendant. | Case No. CV 11-04628 YGR<br><br>**SAN FRANCISCO UNIFIED SCHOOL DISTRICT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**<br><br>Complaint Filed: September 19, 2011 |
| SAN FRANCISCO UNIFIED SCHOOL DISTRICT,<br><br>　　　　　Counterclaimant,<br><br>　　v.<br><br>MARGARET REYES, RICHARD M. ROGERS, THE LAW OFFICE OF RICHARD M. ROGERS, and DOES 1-10, inclusive,<br><br>　　　　　Counterdefendants. | |

PROPOUNDING PARTY:　　　　Plaintiff MARGARET REYES

RESPONDING PARTY:　　　　　Defendant SAN FRANCISCO UNIFIED SCHOOL DISTRICT

SET No.:                    FOUR

Pursuant to F.R.C.P. 34 Defendant SAN FRANCISCO UNIFIED SCHOOL DISTRICT ("Defendant") hereby responds to Plaintiff MARGARET REYES ("Plaintiff") Request for Production of Documents, Set No. Four as follows.

## PRELIMINARY STATEMENT

Defendant has not completed its investigation of the facts of this case and has not completed discovery in this action. Therefore, all responses contained herein are based only upon such information and documents as are presently available to, and specifically known to, Defendant and relate only to those documents and information which are presently in Defendant's possession and control. Defendant specifically anticipates further discovery, independent investigation and research which will supply additional facts and documents, some of which may be responsive to this document request. The following responses are given without prejudice to Defendant's right to introduce subsequently discovered evidence at the trial of this action. Defendant invokes the attorney-client privilege and will not produce privileged documents.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION No. 20:**

All financial and budget records showing expenditures regarding Hillcrest Elementary School from January 2, 2007, through December 21, 2011, including but not limited to grants, funding, QEIA grants, federal funding, and afterschool program funding.

**RESPONSE TO REQUEST FOR PRODUCTION No. 20:**

Defendant objects to this request as the terms "showing," "expenditures," and "regarding" are vague and ambiguous. Additionally, Defendant objects to this request as overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Lastly, Defendant objects to this request as unduly burdensome. The documents requested by this request are unrelated to the issues and allegations framed by Plaintiff's complaint.

**REQUEST FOR PRODUCTION No. 21:**

For the period of January 1, 2007, through December 31, 2011, all class lists, staff rosters,

teacher classroom assignments, and teacher attendance records for Hillcrest Elementary School.

**RESPONSE TO REQUEST FOR PRODUCTION No. 21:**

Defendant objects to this request as overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Defendant objects to this request as unduly burdensome. The documents requested by this request are unrelated to the issues and allegations framed by Plaintiff's complaint. Lastly, Defendant objects to this request as it infringes on the Constitutional right to privacy of third parties.

**REQUEST FOR PRODUCTION No. 22:**

All minutes and notes re staff and leadership meetings for the period January 1, 2007, through December 31, 2011.

**RESPONSE TO REQUEST FOR PRODUCTION No. 22:**

Defendant objects to this request as the terms "re" and "leadership" are vague and ambiguous. Additionally, Defendant objects to this request as overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Lastly, Defendant objects to this request as unduly burdensome. The documents requested by this request are unrelated to the issues and allegations framed by Plaintiff's complaint.

Date: March 2, 2012

JACKSON LEWIS LLP

By: _____
Kathleen Maylin
Travis Raymond
Attorneys for Defendant
SAN FRANCISCO UNIFIED SCHOOL DISTRICT

3
SAN FRANCISCO UNIFIED SCHOOL DISTRICT'S RESPONSES TO
PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR
Case No. CV 11-04628 YGR

## VERIFICATION

I, David George, declare:

I am the Risk Manager for the San Francisco Unified School District, Defendant in the action Margaret Reyes v. San Francisco Unified School District, United States District Court Northern District of California Case No. CV 11-04628 YGR. I am authorized to make this Verification for and on Defendant's behalf, and I make this Verification for that reason.

I have read the foregoing **SAN FRANCISCO UNIFIED SCHOOL DISTRICT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR** and know the contents thereof. Based on my personal knowledge or information and belief, the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed this 12th day of March 2012, at San Francisco, California.

_____
David George

# CERTIFICATE OF SERVICE

Case Name: Margaret Reyes v San Francisco Unified School District
Case No.: USDC-ND CV-11-04628 NC
Matter No.: 187368

I, Marilou R. Barairo, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On March 2, 2012, I served the attached **SAN FRANCISCO UNIFIED SCHOOL DISTRICT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO,** in this action by placing the original thereof, enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Richard M. Rogers<br>Law Office of Richard M. Rogers<br>100 Bush Street, Suite 1980<br>San Francisco, CA 94104<br>Tel: (415) 981-9788<br>Fax: (415) 981-9798<br>RogerRMR@yahoo.com | *Attorneys for Plaintiff and Counterdefendants Margaret Reyes, Richard M. Rogers, and the Law Offices of Richard M. Rogers* |

[X] **BY MAIL:** United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California. [( ) *Courtesy copy by fax.*]

[ ] BY HAND DELIVERY: I caused such envelope(s) to be delivered by hand to the above address.

[ ] BY OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

[ ] BY FACSIMILE: I caused such document to be transmitted by facsimile from our fax number (415) 394-9401 to the fax number indicated above (by written agreement, confirming letter dated and signed MM/DD/YY).

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 2, 2012, at San Francisco, California.

*Marilou R. Barairo*
Marilou R. Barairo

4818-5624-4238, v. 1

PROOF OF SERVICE                                     Case No. CV 11-04628 YGR