UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET REYES,<br><br>    Plaintiff,<br><br>vs.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No.: 11-cv-04628-YGR<br><br>**ORDER (1) REQUIRING JOINT STIPULATION REGARDING EVIDENCE SUBMITTED WITH SEPARATE STATEMENT IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT, AND (2) STRIKING DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF PLAINTIFF'S COMPLAINT (DKT. NOS. 95-3 TO 112)** |

With respect to the pending summary judgment motions on the Counterclaim, the parties have submitted a [Corrected] Joint Statement of Undisputed Material Facts Re Motion for Summary Judgment With Supporting Evidence. (Dkt. No. 81 "Joint Separate Statement").) All of the underlying evidence cited in the Joint Separate Statement is attached *en masse* to the statement itself. This violates Civ. L.R. 7-5(a), which requires that evidentiary matters, including deposition transcripts, be appropriately authenticated by affidavit or declaration. The Court's Standing Order regarding summary judgment motions does not create an exception to Civ. L.R. 7-5(a), nor did the Court indicate at the pre-summary judgment motion conference that evidence should be attached in this manner.

However, because the Joint Separate Statement was submitted jointly, the parties are directed to submit a joint stipulation confirming that there is no dispute over the authenticity of the documents attached and that the facts presented in the statement are supported by admissible evidence. *See* Fed. R. Civ. P. 56. This joint stipulation shall be filed no later than Monday, July 30, 2012 at 12:00 p.m.

With respect to the pending summary judgment motion on the Complaint, Defendant has improperly attached underlying evidence in support of its motion directly to its Separate Statement of Undisputed Material Facts in Support of the Motion in violation of Civ. L.R.7-5(a). (Dkt. Nos. 95-3 to 112 ("Defendant's Separate Statement").) As noted above, evidentiary matters, including deposition transcripts, must be appropriately authenticated by affidavit or declaration. Civ. L.R. 7-5(a). In addition, Defendant filed the Separate Statement as eighteen different docket entries, with certain entries containing merely one or two pages. Defendant should contact the ECF HelpDesk if it is unclear how to upload or link documents on ECF in a more efficient manner, or the Courtroom Deputy for other questions.

The Court hereby **STRIKES** Defendant's Separate Statement and the underlying evidence attached *en masse* at Dkt. Nos. 95-3 to 112. Defendant must re-file its Separate Statement with a declaration attaching underlying evidence, as exhibits, no later than Monday, July 30, 2012 at 12:00 p.m. Defendant's Separate Statement must include both references to the declaration and corresponding exhibit, in addition to the current citations it has included referencing the deponent's name—*e.g.*, Maylin Decl., Ex. A (Sagastume Depo 45:18–19). Chambers copies of the corrected items must be received by Chambers no later than Tuesday, July 31, 2012 at 12:00 p.m.

**IT IS SO ORDERED.**

Dated: July 26, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**