UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARGARET REYES,

      Plaintiff,

  vs.

SAN FRANCISCO UNIFIED SCHOOL DISTRICT,

      Defendant.

Case No.: 11-cv-04628-YGR

**ORDER DENYING PLAINTIFF'S MOTION TO FILE UNDER SEAL DEPOSITION TRANSCRIPTS AND DOCUMENTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On August 8, 2012, Plaintiff filed an amended Motion to File Under Seal Deposition Transcripts and Documents in Opposition to Defendant's Motion for Summary Judgment ("Motion to Seal" or "Motion"). (Dkt. No. 138.) Plaintiff seeks leave of court to file documents and deposition transcript excerpts under seal (hereinafter, "Exhibits") because Defendant considers them confidential and refused to grant permission to file them publicly. *Id.* at 2. Plaintiff does not believe any of the Exhibits contain confidential information, but makes this Motion because there is a Protective Order in this action. *Id.* In the Motion to Seal, Plaintiff anticipated that Defendant would assert that a particular document, an email sent from one attorney to another, is privileged. *Id.*

As a preliminary matter, the Court notes that this Motion to Seal falls under Civ. L.R. 79-5(d), which addresses "Filing a Document Designated Confidential by Another Party." L.R. 79-5(d) states that a non-designating party wishing to file a document designated confidential must file and serve an administrative motion to seal and lodge the document or memorandum in accordance with the Local Rule. "Within 7 days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record." Civ. L.R. 79-5(d). Plaintiff filed this Motion to Seal because the Protective Order requires it and Defendant has been given an opportunity to respond and justify its

United States District Court
Northern District of California

United States District Court
Northern District of California

1  designation of confidentiality.  Defendant, however, did not file a declaration establishing that the

2  designated Exhibits at issue in the Motion to Seal are sealable, nor did counsel lodge and serve a

3  narrowly-tailored proposed sealing order or withdraw the designation of confidentiality.  *See* Civ.

4  L.R. 79-5(d).

5       A motion to seal documents attached to a dispositive motion that are part of the judicial record

6  is governed by the "compelling reasons" standard.  *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665,

7  678 (9th Cir. 2010).  A "party seeking to seal judicial records must show that 'compelling reasons

8  supported by specific factual findings . . . outweigh the general history of access and the public

9  policies favoring disclosure.'"  *Id.* (quoting *Kamakana v. City and County of Honolulu,* 447 F.3d

10  1172, 1178–79 (9th Cir. 2006)).  The trial court must weigh relevant factors including the "public

11  interest in understanding the judicial process and whether disclosure of the material could result in

12  improper use of the material for scandalous or libelous purposes or infringement upon trade secrets."

13  *Pintos,* 605 F.3d at 679 n. 6 (quoting *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995)).  In

14  effect, an order authorizing sealing of a document would require the court to lock the courtroom doors

15  as to the proffered material during trial.  While the decision to grant or deny a motion to seal is within

16  the trial court's discretion, the basis must be compelling and the court must articulate its reasoning in

17  approving such a request.  *Pintos,* 605 F.3d at 679.  Further, given the importance of the competing

18  interests at stake, any sealing order must be narrowly tailored.  Civ. L.R. 79-5(a).  "A stipulation . . .

19  that allows a party to designate documents as sealable[] will *not suffice* to allow the filing of

20  documents under seal."  *Id.*  (emphasis added).

21       The Court hereby **DENIES** this Motion to Seal because Defendant has not complied with Civ.

22  L.R. 79-5(d) and no party has established that the Exhibits are sealable.  The Exhibits at issue in this

23  Motion to Seal must be publicly-filed by Wednesday, August 21, 2012.  Chambers copies of the

24  publicly-filed documents must be delivered no later than the next business day at noon.

25       This Order terminates Dkt. No. 138.

26       **IT IS SO ORDERED.**

27  Dated: August 20, 2012

28                              **YVONNE GONZALEZ ROGERS**
                              **UNITED STATES DISTRICT COURT JUDGE**