1   Kathleen Maylin (State Bar No. 155371)
    Travis Raymond (State Bar No. 268543)
2   JACKSON LEWIS LLP
    199 Fremont Street, 10th Floor
3   San Francisco, California  94105
    Telephone:  (415) 394-9400
4   Facsimile:  (415) 394-9401

5

    Attorneys for Defendant
6   SAN FRANCISCO UNIFIED
    SCHOOL DISTRICT
7

8                       UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11  MARGARET REYES,                          Case No. C11-04628 YGR

12              Plaintiff,                    **OBJECTIONS TO PLAINTIFF'S
                                              EVIDENCE IN SUPPORT OF
13        v.                                  OPPOSITION  TO DEFENDANTS'
                                              MOTION FOR SUMMARY JUDGMENT
14  SAN FRANCISCO UNIFIED SCHOOL              OR, IN THE ALTERNATIVE,  PARTIAL
    DISTRICT,                                 SUMMARY JUDGMENT; CPF 'TWNI I U**
15
                                              ─────────────────────────────
16              Defendant.                    Date:    August 28, 2012
                                              Time:    2:00 pm
17                                            Judge:   Hon. Yvonne G. Rogers
                                              Trial:   October 22, 2012
18

19          Defendant San Francisco Unified School District hereby sets forth its objections to

20  Plaintiff Margaret Reyes' evidence in support of her opposition to defendant's Motion for

21  Summary Judgment or, in the Alternative, Partial Summary Judgment.

22          **I. OBJECTIONS TO PLAINTIFF MARGARET REYES' DECLARATION**

23  **EVIDENTIARY OBJECTION NO. 1**

24  Paragraph 4, lines 10-12

25          *"I saw letters and memoranda authored by Richard Zapien in my personnel file.  These*

26  *letters and memoranda were neither official reprimands nor designated to go in my personnel*

27  *file."*

28
    ────────────────────────────────────────────────────────────────────
                                          1
    OBJECTIONS TO PLAINTIFF'S EVIDENCE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION
    FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND RULINGS
                                                          Case No. C11-04628 YGR

Objections:

Lacks foundation. Fed.R.Evid. 901. Speculation/Lack of Personal Knowledge. Fed.R.Evid. 602. Improper opinion. Fed.R.Evid. 701.   Best Evidence.  Fed.R.Evid. 1001/1002. Plaintiff fails to demonstrate that she has personal knowledge that Zapien actually authored the documents or that she is aware of facts supporting her conclusions about the intent of the documents.  A declaration made in opposition to a motion for summary judgment must be based on the declarant's personal knowledge.  *Love v. Commerce Bank, N.A.*, 37 F.3d 1295, 1296 (8th Cir. 1994).  Plaintiff opines that the letters were not official and not designated to go into her employee file but introduces no facts explaining how this opinion is rationally based on Plaintiff's perceptions.  Therefore, this statement is not admissible.  *Gagne v. Northwestern Nat"lIns. Co.*, 881 F.2d 309, 315-16 (6th Cir. 1989) (holding that opinions in affidavits that are not based on personal observation do not contain admissible evidence for summary judgment purposes) *overruled on other grounds by Wright v. Murray Guard, Inc.*, 455 F.3d 702 (6th Cir. 2006); *O'Shea v. Detroit News*, 887 F.2d 683, 687-88 (6th Cir. 1989) (holding that a non-moving party's opinions are not sufficient evidence to oppose a motion for summary judgment). Plaintiff impermissibly summarizes the contents of unidentified "letters and memoranda" that have not been admitted into evidence or properly authenticated.  Plaintiff's recollection of the contents of the documents does not satisfy the best evidence rule.  The documents themselves should be presented as evidence.

Sustained: as to the last phrase, beginning with "nor designated"     Overruled:  _____

**EVIDENTIARY OBJECTION NO. 2**

Paragraph 5, lines 13-16

"I also saw an email string in my personnel file that included an email about me from a School District attorney, Mike Quinn, wherein he says I was making life hell at another school.  A copy is attached hereto as Exhibit 2.  This demonstrates that Mr. Quinn and Mr. Zapien were talking about me."

Objections:

OBJECTIONS TO PLAINTIFF'S EVIDENCE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND RULINGS
Case No. C11-04628 YGR

Lacks foundation. Fed.R.Evid. 901. Speculation/Lack of Personal Knowledge. Fed.R.Evid. 602. Plaintiff's conclusion that Quinn and Zapien were talking about her is speculation and not based on Plaintiff's personal knowledge, and in fact, Zapien is not mentioned or named in the discussed "email chain." *Love,* 37 F.3d at 1296 (a declaration made in opposition to a motion for summary judgment must be based on personal knowledge); *Gagne,* 881 F.2d at 315-16 (conclusions that are not based on personal observation are not admissible evidence for summary judgment purposes).

Sustained: as to the last sentence                   Overruled: _____

**EVIDENTIARY OBJECTION NO. 3**

Paragraph 6, lines 17-18

    *"The first time I heard that was when I saw the PAR referral, after this litigation started."*

Objections:

    Improper authentication and identification. Fed.R.Evid. 901. Best Evidence. Fed.R.Evid. 1001/1002. Plaintiff impermissibly summarizes the contents of the referenced document.

Sustained: _____                   Overruled: XX

**EVIDENTIARY OBJECTION NO. 4**

Paragraph 7, lines 19-21

    *"Ms. Palomares told me that the „satisfactory" performance evaluation was a collaborative effort between Mr. Zapien and her."*

Objections:

    Hearsay. Fed.R.Evid. 802. Plaintiff's recitation of the alleged statement by Ms. Palomares is inadmissible hearsay. *Hartsel v. Keys,* 87 F.3d 795, 803 (6th Cir. 1996) (affirming the district court's grant of summary judgment to the defendants because the plaintiff filed a declaration consisting of inadmissible hearsay with her opposition).

Sustained: to the extent the statement is offered for its truth        Overruled: _____

**EVIDENTIARY OBJECTION NO. 5**

Paragraph 8, lines 22-24

OBJECTIONS TO PLAINTIFF'S EVIDENCE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND RULINGS
Case No. C11-04628 YGR

1    *"Mr. Zapien refused to provide my class with water while personally delivering water to*
2    *neighboring classrooms."*

3    Objections:

4    Speculation/Lack of Personal Knowledge. Fed.R.Evid. 602. Improper opinion.
5    Fed.R.Evid. 701. Plaintiff has not demonstrated that she has personal knowledge of Mr. Zapien
6    delivering water to other classrooms or the reason that her classroom did not receive water. *Love,*
7    37 F.3d at 1296 (declarations in opposition to a motion for summary judgment must be based on
8    the declarant's personal knowledge). She instead speculates that Mr. Zapien "refused" to provide
9    her class with water but introduces no facts explaining how this opinion is rationally based on
10   Plaintiff's perceptions. *Gagne*, 881 F.2d at 315-16 (opinions that are not based on personal
11   observation are not admissible evidence for summary judgment purposes); *O'Shea*, 887 F.2d at
12   687-88 (a non-moving party's opinions are not sufficient evidence to oppose a motion for
13   summary judgment)

14   Sustained: as to the last phrase beginning with "while"          Overruled: _____

15   **EVIDENTIARY OBJECTION NO. 6**

16   Paragraph 10, lines 1-2

17   *"Mr. Zapien refused to arrange for the roof to be fixed."*

18   Objections:

19   Speculation/Lack of Personal Knowledge. Fed.R.Evid. 602. Improper opinion.
20   Fed.R.Evid. 701. Plaintiff fails to demonstrate personal knowledge of the reasons for the roof
21   not being fixed. *Love,* 37 F.3d at 1296 (declarations in opposition to a motion for summary
22   judgment must be based on the declarant's personal knowledge). Instead she speculates that Mr.
23   Zapien "refused" to arrange for the roof to be fixed but introduces no facts explaining how this
24   opinion is rationally based on Plaintiff's perceptions. *Gagne*, 881 F.2d at 315-16 (opinions that
25   are not based on personal observation are not admissible evidence for summary judgment
26   purposes); *O'Shea*, 887 F.2d at 687-88 (a non-moving party's opinions are not sufficient
27   evidence to oppose a motion for summary judgment)

28

OBJECTIONS TO PLAINTIFF'S EVIDENCE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND RULINGS
Case No. C11-04628 YGR

Sustained: XX                                          Overruled:  _____

**EVIDENTIARY OBJECTION NO. 7**

Paragraph 11, lines 3-4

    *"Ms. Levin never observed me teaching or managing my class.  When she was there she was managing the class and providing the lesson."*

Objections:

    Lacks  foundation.  Fed.R.Evid.  104.    Speculation/Lack  of  Personal  Knowledge. Fed.R.Evid. 602. Improper opinion. Fed.R.Evid. 701.  Plaintiff has not demonstrated that she has personal knowledge of everything Ms. Levin had an opportunity to observe or do in Plaintiff's classroom.  *Love,* 37 F.3d at 1296 (declarations in opposition to a motion for summary judgment must be based on the declarant's personal knowledge); *O'Shea*, 887 F.2d at 687-88 (a non-moving party's opinions are not sufficient evidence to oppose a motion for summary judgment).

Sustained:  _____                                          Overruled:  XX

**EVIDENTIARY OBJECTION NO. 8**

Paragraph 12, lines 10-12

    *"His harassment of me was continuous, humiliating, and distressing to the point that it interfered with my teaching and lead to a breakdown when I could not stop crying and had to be driven to the hospital."*

Objections:

    Lacks  foundation.  Fed.R.Evid.  104.    Improper  opinion  testimony.    Fed.R.Evid.  701. Plaintiff fails to establish any foundation that she is competent to opine that Zapiens' alleged actions caused her to suffer a "breakdown" and required her to be driven to the hospital.  *O'Shea*, 887 F.2d at 687-88 (a non-moving party's opinions are not sufficient evidence to oppose a motion for summary judgment).

Sustained:  _____                                          Overruled:  XX

**EVIDENTIARY OBJECTION NO. 9**

Paragraph 13, lines 13-16

*"I taught Second Grade, successfully, both before and after Hillcrest.  I do not lack those skills.  I successfully taught Second Grade at Hillcrest for three years.  For the first two years my students scored well above school average in the California Achievement Tests."*

Objections:

Lacks foundation. Fed.R.Evid. 104.  Improper opinion. Fed.R.Evid. 701.  Improper authentication and identification. Fed.R.Evid. 901.  Best Evidence.  Fed.R.Evid. 1001/1002. Plaintiff repeatedly gives impermissible lay person opinions on her own success at teaching without offering any facts to support her conclusions. *O'Shea*, 887 F.2d at 687-88 (a non-moving party's opinions are not sufficient evidence to oppose a motion for summary judgment).  She fails to establish any foundation for her assertion that her students scored well above school average in the California Achievement Tests.

Sustained:  _____                                     Overruled:  XX

**EVIDENTIARY OBJECTION NO. 10**

Paragraph 13, lines 16-17

*"The third year I was directed by Mr. Zapien and Ms. Levin to abandon the District sanctioned reading curriculum."*

Objections:

Objection.  Speculation/Lack of Personal Knowledge.  Fed.R.Evid. 602. Improper opinion.  Fed.R.Evid. 701.  Plaintiff does not state what Zapien and Levin allegedly communicated to her.  Plaintiff's statement is conclusory and without foundation.  *O'Shea*, 887 F.2d at 687-88 (a non-moving party's conclusions are not sufficient evidence to oppose a motion for summary judgment).  Further, Plaintiff does not establish she is competent to opine that, if she had complied with whatever Zapien and Levin communicated to her, she would have abandoned the District sanctioned reading curriculum.

Sustained:  _____                                     Overruled:  XX

**EVIDENTIARY OBJECTION NO. 11**

Paragraph 13, lines 17-18

1  "*My students performed significantly lower on the California Achievement Tests in the*
2  *third year.*"

3  Objections:

4  Lacks foundation. Fed.R.Evid. 104. Improper opinion. Fed.R.Evid. 701. Improper
5  authentication and identification. Fed.R.Evid. 901. Best Evidence. Fed.R.Evid. 1001/1002.
6  Plaintiff fails to establish any foundation for her assertion that her students performed
7  significantly lower on the California Achievement Tests in the third year.

8  Sustained: _____          Overruled: XX

9  **EVIDENTIARY OBJECTION NO. 12**

10 Paragraph 13, lines 18-20

11 "*I received „highly satisfactory" classroom evaluations in the 2009-2010 school year and*
12 *a „satisfactory" overall evaluation.*"

13 Objections:

14 Lacks foundation. Fed.R.Evid. 104. Speculation/Lack of Personal Knowledge.
15 Fed.R.Evid. 602. Improper authentication and identification. Fed.R.Evid. 901. Best Evidence.
16 Fed.R.Evid. 1001/1002. To the extent the Plaintiff is reciting her recollection of the contents of
17 documents, this does not satisfy the best evidence rule. The documents themselves should be
18 presented as evidence.

19 Sustained: _____          Overruled: XX

20 *//*

21

22  II.    **OBJECTIONS TO THE DECLARATION OF RICHARD M. ROGERS**

23 **EVIDENTIARY OBJECTION NO. 1**

24 Paragraph 2, lines 3-5

25 "*When the seniority date and sick leave provisions of the Settlement Agreement were not*
26 *performed, I starting [sic] making demands through Julius Turman, the Defendant's attorney in*
27 *the prior litigation.*"

28
OBJECTIONS TO PLAINTIFF'S EVIDENCE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND RULINGS
Case No. C11-04628 YGR

Objections:

Improper opinion.  Fed.R.Evid. 701.  Plaintiff's counsel gives the opinion that whatever he did constituted "making demands," but he does not state what he did.  *Gagne*, 881 F.2d at 315-16 (opinions that are not based on personal observation are not admissible evidence for summary judgment purposes).

Sustained:  _____                                   Overruled:  XX

**EVIDENTIARY OBJECTION NO. 2**

Paragraph 2, lines 8-9

"*Since defense counsel has represented to the Court that Mr. Turman ("Julius") was no longer Defendant"s attorney, there was no reason to communicate with him other than in response to his inquiry, provoked by me.*"

Objections:

Improper opinion.   Fed.R.Evid. 701.   Lacks foundation.   Fed.R.Evid. 104. Speculation/Lack of Personal Knowledge.  Fed.R.Evid. 602.   Plaintiff's counsel fails to establish he is competent to opine whether there was a reason for him to communicate with Mr. Turman. Plaintiff's counsel speculates that he provoked Mr. Turman's alleged communication with Plaintiff's counsel.  *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2nd Cir. 1988) (an attorney's declaration may only be admitted into evidence if it contains facts that are within the attorney's personal knowledge).

Sustained:  _____                                   Overruled:  XX

**EVIDENTIARY OBJECTION NO. 3**

Paragraph 3, lines 13-16

"*The administrative complaint, referring to the failure to grant sick leave, was filed on June 1, 2011 . . . [t]he sick leave was not granted until February, 2012.  In my experience that is too much notice to credit an explanation of negligence.*"

Lacks   foundation.     Fed.R.Evid.   104.     Speculation/Lack   of   Personal   Knowledge.

8

1  Fed.R.Evid. 602.  Improper opinion.  Fed.R.Evid. 701.  Plaintiff's counsel's speculation on the

2  reasons for the timing of the grant of sick leave is impermissible speculation and improper lay

3  opinion.  Plaintiff's counsel does not establish he is competent to opine on whether there was too

4  much notice to credit an explanation of negligence.  *Gagne*, 881 F.2d at 315-16 (conclusions that

5  are not based on personal observation are not admissible evidence for summary judgment

6  purposes).

7  Sustained: XX                                                          Overruled: _____

8  **EVIDENTIARY OBJECTION NO. 4**

9  Paragraph 4, lines 17-21

10      "*Attached hereto as Exhibits 2 and 3 are copies of Defendant"s responses to discovery,*

11  *verified by David George.  The Response to No. 1 is mistaken; the settlement amount was*

12  *published.  The Response to Interrogatory No. 5 is mistaken; Defendant now asserts that only two*

13  *employees accessed the personnel file.  Mr. George apparently signs documents in place before*

14  *him without making any inquiry whatsoever."*

15      Objection.  Speculation/Lack of Personal Knowledge.  Fed.R.Evid. 602.  Improper

16  opinion.  Fed.R.Evid. 701.  Plaintiff's concludes that Defendant's discovery responses are

17  "mistaken," but introduces no facts showing that this opinion is rationally based on Plaintiff's

18  perceptions and/or show that Plaintiff's opinion is based on personal knowledge.  *Gagne*, 881

19  F.2d at 315-16 (opinions that are not based on personal observation are not admissible evidence

20  for summary judgment purposes).  Additionally, Plaintiff's counsel's speculation regarding Mr.

21  George's actions is impermissible speculation and opinion.  *Sellers*, 842 F.2d 639, 643 (an

22  attorney's declaration may only be admitted into evidence if it contains facts that are within the

23  attorney's personal knowledge).

24  Sustained: XX                                                          Overruled: _____

25  **III.   OBJECTIONS TO PLAINTIFF'S RESPONSE TO DEFENDANT'S AMENDED**

26  **SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF**

27  **MOTION FOR SUMMARY JUDGMENT**

28

The Court's "Standing Order in Civil Case" memorandum expressly states that "[t]he Supporting and Responsive Separate Statement each **must be signed** by counsel . . . who has reviewed each document and can attest as follows:

> *'I attest that the evidence cited herein fairly and accurately supports [or disputes] the facts as asserted.'*" (emphasis and bold in original)

Plaintiff's response to Defendant's separate statement does not include this required attestation. Accordingly, Defendant objects to Plaintiff's entire separate statement response as Plaintiff's counsel has not attested to the fairness and accuracy of the facts asserted in Plaintiff's response.

Sustained: _____                                    Overruled:  XX

Date:  August 14, 2012                          Respectfully submitted,

JACKSON LEWIS LLP


By: /s/ Kathleen Maylin
       Kathleen Maylin
       Travis Raymond
       Attorneys for Defendant
       SAN FRANCISCO UNIFIED SCHOOL
       DISTRICT

4831-8989-8000

IT IS SO ORDERED

Judge Yvonne Gonzalez Rogers

September 20, 2012

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

OBJECTIONS TO PLAINTIFF'S EVIDENCE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND RULINGS
Case No. C11-04628 YGR