Kathleen Maylin (State Bar No. 155371)
Travis Raymond (State Bar No. 268543)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California  94105
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401

Attorneys for Defendant
SAN FRANCISCO UNIFIED
SCHOOL DISTRICT

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET REYES, | Case No. C11-04628 YGR |
| Plaintiff, | **OBJECTIONS TO PLAINTIFF'S EVIDENCE IN SUPPORT OF OPPOSITION  TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,  PARTIAL SUMMARY JUDGMENT; AND RULINGS** |
| v. | |
| SAN FRANCISCO UNIFIED SCHOOL DISTRICT, | |
| Defendant. | Date:     August 28, 2012<br>Time:     2:00 pm<br>Judge:   Hon. Yvonne G. Rogers<br>Trial:     October 22, 2012 |

Defendant San Francisco Unified School District hereby sets forth its objections to Plaintiff Margaret Reyes' evidence in support of her opposition to defendant's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment.

## I. OBJECTIONS TO PLAINTIFF MARGARET REYES' DECLARATION

### EVIDENTIARY OBJECTION NO. 1

Paragraph 4, lines 10-12

*"I saw letters and memoranda authored by Richard Zapien in my personnel file.  These letters and memoranda were neither official reprimands nor designated to go in my personnel file."*

Objections:

Lacks foundation. Fed.R.Evid. 901. Speculation/Lack of Personal Knowledge. Fed.R.Evid. 602. Improper opinion. Fed.R.Evid. 701.   Best Evidence.  Fed.R.Evid. 1001/1002. Plaintiff fails to demonstrate that she has personal knowledge that Zapien actually authored the documents or that she is aware of facts supporting her conclusions about the intent of the documents.  A declaration made in opposition to a motion for summary judgment must be based on the declarant's personal knowledge.  *Love v. Commerce Bank, N.A.*, 37 F.3d 1295, 1296 (8th Cir. 1994).  Plaintiff opines that the letters were not official and not designated to go into her employee file but introduces no facts explaining how this opinion is rationally based on Plaintiff's perceptions.  Therefore, this statement is not admissible.  *Gagne v. Northwestern Nat"lIns. Co.*, 881 F.2d 309, 315-16 (6th Cir. 1989) (holding that opinions in affidavits that are not based on personal observation do not contain admissible evidence for summary judgment purposes) *overruled on other grounds by Wright v. Murray Guard, Inc.*, 455 F.3d 702 (6th Cir. 2006); *O'Shea v. Detroit News*, 887 F.2d 683, 687-88 (6th Cir. 1989) (holding that a non-moving party's opinions are not sufficient evidence to oppose a motion for summary judgment). Plaintiff impermissibly summarizes the contents of unidentified "letters and memoranda" that have not been admitted into evidence or properly authenticated.  Plaintiff's recollection of the contents of the documents does not satisfy the best evidence rule.  The documents themselves should be presented as evidence.

Sustained: as to the last phrase, beginning with "nor designated"      Overruled:  _____

**EVIDENTIARY OBJECTION NO. 2**

Paragraph 5, lines 13-16

"I also saw an email string in my personnel file that included an email about me from a School District attorney, Mike Quinn, wherein he says I was making life hell at another school.  A copy is attached hereto as Exhibit 2.  This demonstrates that Mr. Quinn and Mr. Zapien were talking about me."

Objections:

Lacks foundation. Fed.R.Evid. 901. Speculation/Lack of Personal Knowledge. Fed.R.Evid. 602. Plaintiff's conclusion that Quinn and Zapien were talking about her is speculation and not based on Plaintiff's personal knowledge, and in fact, Zapien is not mentioned or named in the discussed "email chain." *Love,* 37 F.3d at 1296 (a declaration made in opposition to a motion for summary judgment must be based on personal knowledge); *Gagne,* 881 F.2d at 315-16 (conclusions that are not based on personal observation are not admissible evidence for summary judgment purposes).

Sustained: as to the last sentence                                Overruled: _____

**EVIDENTIARY OBJECTION NO. 3**

Paragraph 6, lines 17-18

*"The first time I heard that was when I saw the PAR referral, after this litigation started."*

Objections:

Improper authentication and identification. Fed.R.Evid. 901. Best Evidence. Fed.R.Evid. 1001/1002. Plaintiff impermissibly summarizes the contents of the referenced document.

Sustained: _____                                Overruled: XX

**EVIDENTIARY OBJECTION NO. 4**

Paragraph 7, lines 19-21

*"Ms. Palomares told me that the „satisfactory"performance evaluation was a collaborative effort between Mr. Zapien and her."*

Objections:

Hearsay. Fed.R.Evid. 802. Plaintiff's recitation of the alleged statement by Ms. Palomares is inadmissible hearsay. *Hartsel v. Keys,* 87 F.3d 795, 803 (6th Cir. 1996) (affirming the district court's grant of summary judgment to the defendants because the plaintiff filed a declaration consisting of inadmissible hearsay with her opposition).

Sustained: to the extent the statement is offered for its truth         Overruled: _____

**EVIDENTIARY OBJECTION NO. 5**

Paragraph 8, lines 22-24

*"Mr. Zapien refused to provide my class with water while personally delivering water to neighboring classrooms."*

Objections:

Speculation/Lack of Personal Knowledge. Fed.R.Evid. 602. Improper opinion. Fed.R.Evid. 701. Plaintiff has not demonstrated that she has personal knowledge of Mr. Zapien delivering water to other classrooms or the reason that her classroom did not receive water. *Love,* 37 F.3d at 1296 (declarations in opposition to a motion for summary judgment must be based on the declarant's personal knowledge). She instead speculates that Mr. Zapien "refused" to provide her class with water but introduces no facts explaining how this opinion is rationally based on Plaintiff's perceptions. *Gagne*, 881 F.2d at 315-16 (opinions that are not based on personal observation are not admissible evidence for summary judgment purposes); *O'Shea*, 887 F.2d at 687-88 (a non-moving party's opinions are not sufficient evidence to oppose a motion for summary judgment)

Sustained: as to the last phrase beginning with "while"          Overruled: _____

## **EVIDENTIARY OBJECTION NO. 6**

Paragraph 10, lines 1-2

*"Mr. Zapien refused to arrange for the roof to be fixed."*

Objections:

Speculation/Lack of Personal Knowledge. Fed.R.Evid. 602. Improper opinion. Fed.R.Evid. 701. Plaintiff fails to demonstrate personal knowledge of the reasons for the roof not being fixed. *Love,* 37 F.3d at 1296 (declarations in opposition to a motion for summary judgment must be based on the declarant's personal knowledge). Instead she speculates that Mr. Zapien "refused" to arrange for the roof to be fixed but introduces no facts explaining how this opinion is rationally based on Plaintiff's perceptions. *Gagne*, 881 F.2d at 315-16 (opinions that are not based on personal observation are not admissible evidence for summary judgment purposes); *O'Shea*, 887 F.2d at 687-88 (a non-moving party's opinions are not sufficient evidence to oppose a motion for summary judgment)

Sustained: XX                                    Overruled:  _____

**EVIDENTIARY OBJECTION NO. 7**

Paragraph 11, lines 3-4

"*Ms. Levin never observed me teaching or managing my class.  When she was there she was managing the class and providing the lesson.*"

Objections:

Lacks foundation. Fed.R.Evid. 104.   Speculation/Lack of Personal Knowledge. Fed.R.Evid. 602. Improper opinion. Fed.R.Evid. 701.  Plaintiff has not demonstrated that she has personal knowledge of everything Ms. Levin had an opportunity to observe or do in Plaintiff's classroom. *Love,* 37 F.3d at 1296 (declarations in opposition to a motion for summary judgment must be based on the declarant's personal knowledge); *O'Shea*, 887 F.2d at 687-88 (a non-moving party's opinions are not sufficient evidence to oppose a motion for summary judgment).

Sustained:  _____                                    Overruled:  XX

**EVIDENTIARY OBJECTION NO. 8**

Paragraph 12, lines 10-12

"*His harassment of me was continuous, humiliating, and distressing to the point that it interfered with my teaching and lead to a breakdown when I could not stop crying and had to be driven to the hospital.*"

Objections:

Lacks foundation. Fed.R.Evid. 104.   Improper opinion testimony.   Fed.R.Evid. 701. Plaintiff fails to establish any foundation that she is competent to opine that Zapiens' alleged actions caused her to suffer a "breakdown" and required her to be driven to the hospital.  *O'Shea*, 887 F.2d at 687-88 (a non-moving party's opinions are not sufficient evidence to oppose a motion for summary judgment).

Sustained:  _____                                    Overruled:  XX

**EVIDENTIARY OBJECTION NO. 9**

Paragraph 13, lines 13-16

OBJECTIONS TO PLAINTIFF'S EVIDENCE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND RULINGS
Case No. C11-04628 YGR

1    *"I taught Second Grade, successfully, both before and after Hillcrest.  I do not lack those*

2    *skills.  I successfully taught Second Grade at Hillcrest for three years.  For the first two years my*

3    *students scored well above school average in the California Achievement Tests."*

4    <u>Objections:</u>

5    Lacks  foundation.  Fed.R.Evid.  104.   Improper  opinion.  Fed.R.Evid.  701.   Improper

6    authentication  and  identification.  Fed.R.Evid.  901.   Best  Evidence.   Fed.R.Evid.  1001/1002.

7    Plaintiff  repeatedly  gives  impermissible  lay  person  opinions  on  her  own  success  at  teaching

8    without  offering  any  facts  to  support  her  conclusions.  *O'Shea*, 887 F.2d at 687-88 (a non-moving

9    party's opinions are not sufficient evidence to oppose a motion for summary judgment).  She fails

10   to establish any foundation for her assertion that her students scored well above school average in

11   the California Achievement Tests.

12   Sustained:  _____                                    Overruled:  XX

13   **EVIDENTIARY OBJECTION NO. 10**

14   <u>Paragraph 13, lines 16-17</u>

15   *"The  third  year  I  was  directed  by  Mr.  Zapien  and  Ms.  Levin  to  abandon  the  District*

16   *sanctioned reading curriculum."*

17   <u>Objections:</u>

18   Objection.   Speculation/Lack  of  Personal  Knowledge.   Fed.R.Evid.  602.  Improper

19   opinion.   Fed.R.Evid.  701.   Plaintiff  does  not  state  what  Zapien  and  Levin  allegedly

20   communicated to her.  Plaintiff's statement is conclusory and without foundation.  *O'Shea*, 887

21   F.2d at 687-88 (a non-moving party's conclusions are not sufficient evidence to oppose a motion

22   for summary judgment).  Further, Plaintiff does not establish she is competent to opine that, if she

23   had complied with whatever Zapien and Levin communicated to her, she would have abandoned

24   the District sanctioned reading curriculum.

25   Sustained:  _____                                    Overruled:  XX

26   **EVIDENTIARY OBJECTION NO. 11**

27   <u>Paragraph 13, lines 17-18</u>

28

1   *"My students performed significantly lower on the California Achievement Tests in the*

2   *third year."*

3   Objections:

4   Lacks foundation. Fed.R.Evid. 104.   Improper opinion. Fed.R.Evid. 701.   Improper

5   authentication and identification. Fed.R.Evid. 901.   Best Evidence.   Fed.R.Evid. 1001/1002.

6   Plaintiff fails to establish any foundation for her assertion that her students performed

7   significantly lower on the California Achievement Tests in the third year.

8   Sustained: _____                    Overruled:  XX

9   **EVIDENTIARY OBJECTION NO. 12**

10  Paragraph 13, lines 18-20

11  *"I received „highly satisfactory" classroom evaluations in the 2009-2010 school year and*

12  *a „satisfactory" overall evaluation."*

13  Objections:

14  Lacks foundation. Fed.R.Evid. 104.   Speculation/Lack of Personal Knowledge.

15  Fed.R.Evid. 602.   Improper authentication and identification. Fed.R.Evid. 901.   Best Evidence.

16  Fed.R.Evid. 1001/1002.   To the extent the Plaintiff is reciting her recollection of the contents of

17  documents, this does not satisfy the best evidence rule.   The documents themselves should be

18  presented as evidence.

19  Sustained: _____                    Overruled:  XX

20  *//*

21

22  II.   **OBJECTIONS TO THE DECLARATION OF RICHARD M. ROGERS**

23  **EVIDENTIARY OBJECTION NO. 1**

24  Paragraph 2, lines 3-5

25  *"When the seniority date and sick leave provisions of the Settlement Agreement were not*

26  *performed, I starting [sic] making demands through Julius Turman, the Defendant's attorney in*

27  *the prior litigation."*

28

OBJECTIONS TO PLAINTIFF'S EVIDENCE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND RULINGS
Case No. C11-04628 YGR

Objections:

Improper opinion.  Fed.R.Evid. 701.  Plaintiff's counsel gives the opinion that whatever he did constituted "making demands," but he does not state what he did.  *Gagne*, 881 F.2d at 315-16 (opinions that are not based on personal observation are not admissible evidence for summary judgment purposes).

Sustained:  _____                              Overruled:  XX

**EVIDENTIARY OBJECTION NO. 2**

Paragraph 2, lines 8-9

"*Since defense counsel has represented to the Court that Mr. Turman ("Julius") was no longer Defendant"s attorney, there was no reason to communicate with him other than in response to his inquiry, provoked by me.*"

Objections:

Improper opinion.  Fed.R.Evid. 701.  Lacks foundation.  Fed.R.Evid. 104.  Speculation/Lack of Personal Knowledge.  Fed.R.Evid. 602.  Plaintiff's counsel fails to establish he is competent to opine whether there was a reason for him to communicate with Mr. Turman.  Plaintiff's counsel speculates that he provoked Mr. Turman's alleged communication with Plaintiff's counsel.  *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2nd Cir. 1988) (an attorney's declaration may only be admitted into evidence if it contains facts that are within the attorney's personal knowledge).

Sustained:  _____                              Overruled:  XX

**EVIDENTIARY OBJECTION NO. 3**

Paragraph 3, lines 13-16

"*The administrative complaint, referring to the failure to grant sick leave, was filed on June 1, 2011 . . . [t]he sick leave was not granted until February, 2012.  In my experience that is too much notice to credit an explanation of negligence.*"

Lacks  foundation.   Fed.R.Evid.  104.   Speculation/Lack  of  Personal  Knowledge.

Fed.R.Evid. 602.  Improper opinion.  Fed.R.Evid. 701.  Plaintiff's counsel's speculation on the reasons for the timing of the grant of sick leave is impermissible speculation and improper lay opinion.  Plaintiff's counsel does not establish he is competent to opine on whether there was too much notice to credit an explanation of negligence.  *Gagne*, 881 F.2d at 315-16 (conclusions that are not based on personal observation are not admissible evidence for summary judgment purposes).

Sustained: XX                                                   Overruled: _____

**EVIDENTIARY OBJECTION NO. 4**

Paragraph 4, lines 17-21

"*Attached hereto as Exhibits 2 and 3 are copies of Defendant"s responses to discovery, verified by David George.  The Response to No. 1 is mistaken; the settlement amount was published.  The Response to Interrogatory No. 5 is mistaken; Defendant now asserts that only two employees accessed the personnel file.  Mr. George apparently signs documents in place before him without making any inquiry whatsoever.*"

Objection.  Speculation/Lack of Personal Knowledge.  Fed.R.Evid. 602.  Improper opinion.  Fed.R.Evid. 701.  Plaintiff's concludes that Defendant's discovery responses are "mistaken," but introduces no facts showing that this opinion is rationally based on Plaintiff's perceptions and/or show that Plaintiff's opinion is based on personal knowledge.  *Gagne*, 881 F.2d at 315-16 (opinions that are not based on personal observation are not admissible evidence for summary judgment purposes).  Additionally, Plaintiff's counsel's speculation regarding Mr. George's actions is impermissible speculation and opinion.  *Sellers*, 842 F.2d 639, 643 (an attorney's declaration may only be admitted into evidence if it contains facts that are within the attorney's personal knowledge).

Sustained: XX                                                   Overruled: _____

**III.      OBJECTIONS TO PLAINTIFF'S RESPONSE TO DEFENDANT'S AMENDED SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

9

OBJECTIONS TO PLAINTIFF'S EVIDENCE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; AND RULINGS
Case No. C11-04628 YGR

1    The Court's "Standing Order in Civil Case" memorandum expressly states that "[t]he

2  Supporting and Responsive Separate Statement each **must be signed** by counsel . . . who has

3  reviewed each document and can attest as follows:

4       *'I attest that the evidence cited herein fairly and accurately supports [or disputes] the*

5  *facts as asserted.'*" (emphasis and bold in original)

6    Plaintiff's response to Defendant's separate statement does not include this required

7  attestation.  Accordingly, Defendant objects to Plaintiff's entire separate statement response as

8  Plaintiff's counsel has not attested to the fairness and accuracy of the facts asserted in Plaintiff's

9  response.

10 Sustained: _____                              Overruled:  XX

11 Date:  August 14, 2012                      Respectfully submitted,

12                                             JACKSON LEWIS LLP

13

14                                       By: /s/ Kathleen Maylin
                                             Kathleen Maylin
15                                           Travis Raymond
                                             Attorneys for Defendant
16                                           SAN FRANCISCO UNIFIED SCHOOL
                                             DISTRICT
17

18  4831-8989-8000

UNITED STATES DISTRICT COURT

IT IS SO ORDERED

Judge Yvonne Gonzalez Rogers

September 20, 2012

NORTHERN DISTRICT OF CALIFORNIA

28
                                             10